UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:16-CR-262-T36MAP

NIXON JACINTO MEZA TIRCIO

_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Nixon Jacinto Meza Tircio, by and through undersigned attorney, pursuant to 18 USC §§ 3553 and 3551, hereby files this Sentencing Memorandum, in which he asks this Court to impose the most reasonable sentence allowed by law: 120 months of imprisonment (the mandatory minimum sentence pursuant to statute), and states as follows:

I. **Introduction**

Mr. Meza Tircio is scheduled for sentencing before this Court on November 10, 2016, at 9:30 a.m., and submits this Sentencing Memorandum to the Court in order to address the question of what constitutes a reasonable sentence for his offense. First, this memorandum will set forth the underlying facts and prior proceedings of Mr. Meza Tircio's present case. Second, this memorandum will explain why a sentence of 120 months of imprisonment (the mandatory minimum sentence pursuant to statute) is the most reasonable legal sentence for Mr. Meza Tircio, considering the advisory guideline range and the factors set forth at 18

1

U.S.C. § 3553(a).

The federal statute governing sentencing requires this Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that statutory provision. 18 U.S.C. § 3553(a). The minimum term of imprisonment this Court can impose is 120 months, with a maximum penalty of life in prison. 46 U.S.C. §70506(a) and 21 U.S.C. §960(b)(1)(B)(ii); Presentence Investigation Report ("PSR") ¶ 48. The PSR has determined that Mr. Meza Tircio's guideline imprisonment range is 168-210 months, based on a total offense level of 35 and a criminal history category of I. PSR ¶ 49. As the Court knows, the guideline provisions are only advisory and they cannot be presumed reasonable. Though the Court must consider the guideline provisions along with a broad range of factors, including the nature and circumstances of the offense and Mr. Meza Tircio's personal history and characteristics, it is not obligated to follow those provisions. *United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Nelson v. United States*, 555 U.S. 350 (2009). Thus, the Court has great discretion in sentencing Mr. Meza Tircio, and in fashioning an appropriate, individualized sentence for him. The only restriction 18 U.S.C. § 3553(a) places on the Court is the so-called "parsimony" provision, noted above, which requires this Court to impose a sentence only long enough to achieve the purposes of sentencing, and no

longer. Therefore, Mr. Meza Tircio respectfully requests a prison sentence of 120 months.

## II. Factual and Procedural Background

On June 9, 2016, Mr. Mr. Meza Tircio was charged by indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, and possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. The Government dismissed Count two of the indictment, Mr. Meza Tircio pled guilty to count one of the indictment, and this Court adjudicated Mr. Meza Tircio guilty of this offense on September 7, 2016.

## III. Mr. Meza Tircio should receive a 2-level minor role reduction pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2(b).

The U.S.S.G. §3B1.2 provides for either a 4-level minimal role, 2-level minor role, or a 3-level intermediate role reduction. Specifically, §3B1.2(b) provides for a 2-level reduction if "the defendant was a minor participant in any criminal activity." The determination of whether a defendant should receive a role reduction is a fact-based determination and is "heavily dependent on the facts of the particular case." *See* U.S.S.G. §3B1.2 App. N. 3(C). The Application notes provide guidance on distinguishing between a "minimal" and a "minor"

participant. Specifically the application notes provide that a minimal participant is:

> [A person] who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge and understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant. It is intended that this downward adjustment for minimal participant will be used infrequently.

U.S.S.G. § 3B1.2, App. N. 4.

In contrast to a minimal participant, the Application Notes provide that a minor participant "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." Additionally, in contrast to the Commission's observation that a "minimal participant" reduction should be used infrequently by a sentencing court, there is no such prohibitive language within the description of a "minor" participant. In fact, the United States Sentencing Commission has recently expressed its opinion that sentencing courts are not granting mitigating role reductions for low-level offenders as much as the Sentencing Commission had intended.[1]

In the present case, Mr. Meza Tircio does not qualify for a minimal role reduction, but he does qualify for a minor role reduction because he is "less culpable" than most other participants in the conspiracy to which he plead guilty.

---

[1] http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendments-

Mr. Meza Tircio and his indicted co-defendants were hired by a South American drug trafficking cartel to act as couriers for the single task of transporting cocaine from South America to Central America while on-board a go fast vessel. All crewmembers of that vessel were to receive financial compensation for transporting the drugs, but none of them had any ownership or proprietary interest in the drugs. In this context, Mr. Merzi Tircio is less culpable than the sellers of the cocaine, less culpable than the manufacturers of the cocaine, the individuals organizing the transportation of the cocaine, the buyers of the cocaine, the load guard who was in charge of the transportation operation of the cocaine, and less culpable than the drug dealers who ultimately distribute the cocaine.

Mr. Meza Tircio is the exact type of low-level participant who should receive a minor role reduction. As noted in the U.S.S.G. clarifying amendment at Application Note 3 to U.S.S.G. §3B1.2: A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under the guidelines. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or

stores may receive an adjustment under the guidelines.[2] Taking that guidance into account and then analyzing the non-exhaustive list of factors in the proposed amendment, cited above, it is clear that each and every factor supports Mr. Meza Tircio's receiving a minor role reduction.[3] As a simple courier or transporter of drugs, Mr. Meza Tircio:

(i) Had limited understanding of the scope and structure of the criminal activity and was following orders to transport cocaine from point A to point B;

(ii) Had no significant role in planning or organizing the criminal activity;

(iii) Had neither decision-making authority nor any influence regarding the exercise of decision-making authority;

(iv) Had little responsibility or discretion in performing the limited function of transporting packages of cocaine from South America to Central America;

(v) Had no proprietary interest in the criminal activity and was simply being compensated to perform certain tasks (i.e., transportation of drugs).[4]
In addition, the fact that Mr. Meza Tircio may be said to have been "integral" or "indispensable" to the larger drug trafficking organization by facilitating the transportation of the drugs from South America to Central America does not preclude him from receiving a minor role reduction. As such, Mr. Meza Tircio should receive a 2-level minor role reduction. Such a reduction would bring his total offense level to a 33 which, with a criminal history category I, would bring Mr. Gomez Quinonez's advisory guideline imprisonment range to 135-168 months.

---

[2] Id, 47.
[3] Id, 48
[4] Id.

## IV. Mr. Meza Tircio's extreme remorse over his errors in judgment and criminal acts is a mitigating factor.

While remorse over participating in a criminal act is a factor taken into account to a certain degree by the sentencing guidelines in U.S.S.G. § 3E1.1(a) and (b), the same remorse is also a permissible mitigating factor this Court can consider if it is present to an exceptional degree. *United States v. Fagan*, 162 F.3d 1280 (10th Cir., 1998). *See also United States v. Carter*, 122 F.3d 469 (7th Cir., 1997) (court found no error in the district court's ruling that, although the defendant's remorse had been recognized by the district court when his sentence was reduced for acceptance of responsibility, the district court could have departed further if it had found his remorse to be exceptional). From early on in his case, to his Presentence Investigation Interview, to his cooperation with federal law enforcement officers during his debriefing, and up to his anticipated formal allocution before this Court at the sentencing hearing, Mr. Meza Tircio has expressed extraordinary remorse and regret over his terrible decisions to engage in the criminal activity he participated in. Standing up and owning past behavior that is wrong and expressing regret for it are huge steps towards generally deterring others from the same criminal activity, as well as specifically deterring Mr. Meza Tircio from future criminal activity. 120 months in federal prison is a serious punishment for the crime Mr. Meza Tircio has admitted to, and it is a

punishment that will adequately deter him and others from committing criminal offenses in the future.

**V.  The requested 120 month prison sentence reflects the seriousness of the offense, promotes respect for the law, justly punishes Mr. Meza Tircio, and protects the public.**

All of the sentencing factors the Court must consider pursuant to the dictates of 18 U.S.C. § 3553(a) are adequately served by a 120 month sentence of imprisonment. Such a sentence would be a substantial one, and would serve as an adequate deterrent for similar behavior, promote respect for the law, and provide a just punishment. Moreover, a sentence of this significant duration will afford Mr. Meza Tircio the opportunity to learn to read and write in Spanish and English, as well as to gain valuable skills in a trade, thereby protecting the public from any future criminal behavior based on his impoverished past and lack of employable skills.

**WHEREFORE**, Mr. Meza Tircio respectfully requests a sentence of 120 months in prison, which is a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553.

Dated this 3rd day of November, 2016

Respecfully submitted,

*/s/ Theresa N. Jean-Pierre Coy*

Theresa N. Jean-Pierre Coy, Esq.
Jean-Pierre Coy P.A.
1936 W. Dr. MLK Blvd., Suite 102
Tampa, FL 33607
Phone: 813-413-7611
Fax: 813-418-7658
Theresa@jpcoylaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of November, 2016, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to:

Mr. Carlton Curtiss Gammons, Assistant United States Attorney

*/s/ Theresa N. Jean-Pierre Coy, Esq.*